# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

ROSESHARRA GARCIA

      Plaintiff,

vs.

UNITED OF OMAHA LIFE INSURANCE COMPANY

      Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Rosesharra Garcia, by and through her undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits her Complaint against the above-named Defendant.

## PARTIES

1.     Plaintiff, Rosesharra Garcia, is a natural person and citizen of the State of Colorado, with a current address of 3636 Abbotswood Drive, Johnstown, Colorado 80534.

2.     Defendant United of Omaha Life Insurance Company ("Defendant United") is a foreign corporation and/or similar business entity which regularly conducts business in the State of Colorado. Defendant is a foreign corporation and is incorporated in Nebraska, and upon information and belief a citizen of Nebraska. Upon information and belief, this Defendant is the Administrator and/or insurer of the employee benefit plan at issue (specifically the Plan providing disability benefits to Plaintiff's employer). The Defendant's registered agent for

service of process is the Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado 80120.

### JURISDICTION AND VENUE

3.     At all pertinent times, Defendant administered and/or insured the employee benefit plans established on behalf of the employees of True North Health Navigation, LLC ("True North").  The Plan, which provides *inter alia* short-term disability ("STD") and long-term disability benefits ("LTD") is, upon information and belief, subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.,* ("ERISA").  Upon information and belief, the plan has delegated to United its obligation to make all benefit decisions at issue in this claim.

4.     In the alternative, the Plaintiff and Defendant are citizens of different states, and the amount in controversy (including the value of the overdue and future long-term disability insurance benefits, potential attorney fees, interest and costs) exceeds $75,000.00. This Court would therefore have jurisdiction based on the parties' diversity of citizenship and the amount in controversy.

5.     At all pertinent times Plaintiff was a full-time employee of True North and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

6.     Thus, and at all pertinent times, and by virtue of said employment, Plaintiff was covered by the provisions of the Plan, including but not limited to coverage for LTD subject to the terms and conditions of the insurance policy issued by United to cover the Plan, and/or the other Plan documents.

2

**JURISDICTION AND VENUE**

7.      This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including her rights under ERISA and the subject ERISA plan.  Jurisdiction is also proper in that the parties are citizens of different states, and the amount in controversy, including unpaid LTD benefits and the value of other benefits, such as a life insurance policy, interest, fees, costs and penalties, if any, exceed the jurisdictional limit of this Court of $75,000.00.

8.      Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein the Plaintiff resides, and wherein Defendant regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

**STATEMENT OF THE FACTS**

9.      At all pertinent times, Plaintiff was employed by True North as (per Defendant) a "patient service representative," and was an active, full-time employee. She therefore satisfied all eligibility requirements for, and was a "participant" in the Plan (and/or "beneficiary" of the Plan) within the meaning of ERISA.

10.     Beginning in or around February-March 2022, Plaintiff began to experience multiple health issues, including but not limited to severe depression and anxiety.

11.     These medical conditions prohibited Plaintiff at all relevant times from continuing to perform the requirements of her job on a regular, full-time and consistent basis, as well as from any other job for which she is reasonably qualified, due to her symptoms.

12.     Although a sedentary position, Plaintiff's job requires the ability to work on a full-time basis, and to concentrate, focus, multi-task and interact with patients.

3

13.     The aforementioned conditions prevented her from working on a full-time and regular basis, and from performing some of the other material requirements of her own and/or other comparable occupation. Plaintiff therefore applied to the Plan, through United, for disability benefits.

14.     Defendant initially approved Plaintiff's claim from March 5, 2023 to August 3, 2023.

15.     Defendant terminated Plaintiff's claim for LTD on or about August 3, 2023.

16.     Thereafter, Plaintiff timely submitted the various appeals required by the Plan document and requested a review of her claim, including on August 23, 2023. Plaintiff provided additional medical documentation and other information in support of her claim, including reports from her treating physician. Plaintiff filed her appeal on or before the Plan's deadline.

17.     Defendant formally denied Plaintiff's appeal for LTD benefits by letter on October 3, 2023.

18.     Defendant's determination was otherwise erroneous, and/or arbitrary and capricious in that Defendant failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition prevents her from engaging in her own or any other occupation.  This includes, without limitation, her inability to work forty (40) hours per week on a regular and consistent basis.

19.     Defendant has unreasonably refused to pay LTD benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff as outlined herein.

20.     Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

**FIRST CLAIM FOR RELIEF:**
**VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS**
**PLAINTIFF V. DEFENDANT**

21.     At all pertinent times, Plaintiff was covered by the Plan, which included coverage for LTD benefits, as set forth above.

22.     At all pertinent times, Defendant was an administrator, and/or claim administrator for the Plan, within the meaning of ERISA.

23.     Defendant otherwise delegated the authority to administer claims for premium waiver benefits by the Plan.

24.     At all pertinent times, Plaintiff met the criteria for both LTD under the Plan because she was unable to perform the functions of her own and/or any other reasonable occupation on a regular, consistent and full-time basis and provided reasonable documentation (medical or otherwise) of that fact.

25.     Upon information and belief, Defendant United also insures the Plan.

26.     Defendant's dual capacity creates an inherent conflict of interest as a matter of fact and law.

27.     Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

28.     Defendant's wrongful conduct includes, but is not limited to:

    A.     Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians, and other similar evidence;

B.      Failing to provide an adequate review and appeal, including refusing to

give Plaintiff a reasonable opportunity to submit relevant information;

C.      Failing to act in Plaintiff's best interests;

D.      Failing to consider credible evidence of functional impairment;

E.      Failing to reasonably interpret and apply the terms of the Plan;

F.      Failing to consider its own finding in a related claim that Plaintiff is

disabled for the purposes of LTD; and/or

G.      Failing to conduct a reasonable investigation.

29.     Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost benefits, attorney's fees and costs.

## DAMAGES

30.     The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of LTD benefits.  Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant and/or the Plan as follows:

A.      A declaratory judgment that Defendant has violated Plaintiff's rights

under ERISA;

B.      An injunction and/or other appropriate equitable other relief as permitted

by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant

to make Plaintiff whole and/or return Plaintiff to the position Plaintiff

would have obtained in the absence of Defendant's wrongful conduct,

including payment of LTD insurance premiums otherwise covered by the

policy;

C.    Retroactive reinstatement of Plaintiff's benefits and payment of all back

due LTD benefits pursuant to ERISA §502(a)(1)(b), as well as an order,

requiring Defendant to process Plaintiff's claims for future LTD.

D.    Reasonable attorneys' fees and costs, including but not limited to witness

fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or

other applicable case law;

E.    Interest on any awards at the highest rate allowed by law as provided in

ERISA §502(G)(1), 29 U.S.C. 1132(g)(1); and

F.    Such other and further relief as this Court deems just and appropriate.

Dated this _____ day of _____, 2023.

Respectfully submitted,

SILVERN & BULGER, P.C.

*s/Thomas A. Bulger, Esq.*_____
Thomas A. Bulger, Esq.
Counsel for Plaintiff
363 South Harlan Street, Suite 205
Lakewood, Colorado 80226
(303) 292-0044
Facsimile (303) 292-1466
counsel@silvernbulger.com

**Plaintiff's address**

3636 Abbotswood Drive
Johnstown, Colorado 80534